FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANTHONY CURTIS C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:17-CV-00348-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Plaintiff filed his application for Supplemental Security Income on November 12, 2013. AR 156-61. His amended alleged onset date of disability is also November 12, 2013. AR 20, 45. Plaintiff's application was initially denied on January 17, 2014, AR 100-03, and on reconsideration on April 15, 2014, AR 107-08.

A hearing with Administrative Law Judge ("ALJ") Moira Ausems occurred on February 25, 2016. AR 42-75. On April 19, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 20-33. The Appeals Council denied Plaintiff's request for review on August 8, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on October 6, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 21 years old at the date the application was filed. AR 31, 156, 168. He has an education through the ninth grade and he is able to communicate in English. AR 31, 47, 171, 173. Plaintiff has no past work. AR 31, 168, 172.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from November 12, 2013, through the date of the ALJ's decision. AR 20, 33.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 12, 2013 (citing 20 C.F.R. § 416.971 *et seq*.). AR 22.

**At step two**, the ALJ found Plaintiff had the following severe impairments: ankylosing spondylitis; mild L4-L5 disc degeneration; irritable bowel syndrome; depression; borderline intellectual functioning; and cannabis dependence (citing 20 C.F.R. § 416.920(c)). AR 22.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 23.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: he can frequently climb ramps or stairs; he can frequently balance, crouch, crawl, kneel, and stoop; he should not climb ladders, ropes, or scaffolds; he can frequently finger and handle bilaterally; he should not be exposed to unprotected heights or dangerous moving machinery; he should not do commercial driving; he should not have sustained exposure to industrial-level vibration through the hands; he should avoid concentrated exposure to pulmonary irritants; he is capable of no more than lower semiskilled SVP-3 tasks of a predictable nature best learned though a visual demonstration that would not require reading written material to learn and carry out the job duties; he can have

superficial interaction with the general public; and he should not perform tandem teamwork endeavors involving working closely with coworkers throughout an eight-hour work day to produce a work product. AR 25.

The ALJ found Plaintiff has no past relevant work. AR 31.

**At step five**, the ALJ found, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 31-32. These include small products assembler; inspector and hand packager; and parts cleaner. AR 32.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly assessing Plaintiff's residual functional capacity, and failing to identify jobs, available in significant numbers, that Plaintiff could perform despite his functional limitations.

## VII.   Discussion

### A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely

credible. AR 26. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 26-29.

Plaintiff argues that the ALJ erroneously discredited his subjective complaint testimony in finding that there is a lack of objective evidence in the record to support his symptom claims. ECF No. 12 at 12. However, the ALJ actually found that the medical record is inconsistent with Plaintiff's subjective limitation complaints. AR 26-28. The ALJ also noted conservative treatment, improvement with treatment, and noncompliance. *Id*. The ALJ specifically noted that despite Plaintiff's allegations of completely debilitating limitations, objective medical imaging demonstrated unremarkable or only mild findings. AR 27, 304-05, 312, 320, 322. The medical examinations consistently normal, documenting very benign pain, unremarkable results, normal physical examinations, normal range of motion, no obvious signs of pain or limitations in his range of motion, normal upper and lower body strength, normal attention span and concentration, alert and oriented, appropriate mood and affect, grossly normal intellect, and intact judgment. AR 26-28, 229, 240, 232, 244, 249, 253-54, 258-59, 263-54, 287-89, 294, 299, 302, 309, 312, 315-26, 329, 412, 419. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally

sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ noted that Plaintiff was inconsistent with following his medical treatment, such as being discharged from physical therapy after only six appointments due to noncompliance and continuing to eat dairy and affect his gastrointestinal issues even though he was not supposed to because he was suspected to be lactose intolerant. AR 27-28, 348-50, 403, 405. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Additionally, the ALJ found that Plaintiff's allegedly disabling limitations were well controlled when he followed his medical treatment recommendations. AR 26-29. Plaintiff specifically stated his depression symptoms were in remission and functioning was not difficult for him at all while he was taking his fluoxetine, naproxen helped his pain and he was to continue taking it and staying active by going on daily walks

and mountain biking, and he reported he had a good quality of life and health status after a month of physical therapy. AR 27-28, 250, 300, 317, 329, 332. An ALJ may find a claimant's symptom testimony not credible based on evidence of effective responses to treatment. *See*, *e.g.*, *Burch*, 400 F.3d at 681; 20 C.F.R. §§ 404.1529(c)(3), 416.1529(c)(3). Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Additionally, the ALJ found that Plaintiff's allegations of completely debilitating limitations are belied by his actual level of activity, such as, doing housework, doing laundry, cooking, doing pushups, caring for his mother who had a lot of health issues, skateboarding a lot, and mountain biking. AR 29, 55, 56, 62-64, 217, 332, 345, 256, 368, 390, 434. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857.

The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Debra Brown, Ph.D. and John Arnold, Ph.D.

Dr. Brown is an examining psychologist who completed a psychological evaluation for the Washington Department of Social and Health Services in September 2013, a couple months prior to his application for disability benefits. AR 216-23. Dr. Brown opined that Plaintiff had moderate to marked limitations in all basic mental work activities. AR 218-19.

Dr. Arnold is also an examining psychologist who completed a psychological evaluation for the Washington Department of Social and Health Services in July 2015. AR 351-55. Dr. Arnold opined that Plaintiff had moderate to marked limitations in most basic mental work activities and no or mild limitations in the remainder of the basic mental work activities. AR 353.

The ALJ assigned no significant weight to both Dr. Brown's and Dr. Arnold's opinions for multiple valid reasons. AR 31. First, the ALJ noted that the opinions are inconsistent with the medical record treatment record. *Id*. The ALJ specifically noted that the longitudinal medical evidence shows generally normal mental status findings, normal attention span and concentration, alert and oriented, appropriate mood and affect, grossly normal intellect, intact judgment, and his depression is well treated with medication. AR 31, 229, 232, 240, 244, 253, 267, 294, 299, 302, 309, 312, 317, 368-69. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Additionally, the ALJ noted that the opinions are inconsistent with Plaintiff's actual level of activity, such as, Plaintiff's ability and daily activities of performing housework chores and helping care for pets, he was working on getting his GED and finding a job, he was taking care of his mother who has a lot of health issues, and he went skateboarding a lot. AR 29, 31, 217, 251, 256, 262, 368, 390, 434. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences

reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Brown's and Dr. Arnold's opinions.

**C. The ALJ properly assessed Plaintiff's residual functional capacity and did not err at step five of the sequential evaluation process.**

Plaintiff very briefly argues that his assessed residual functional capacity and the ultimate determination regarding disability did not account for all of his limitations, specifically that the ALJ did not include Plaintiff's gastric symptom claims and the limitations in Dr. Arnold's opinion. ECF No. 12 at 16. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 25. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *See Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national

economy that exist in significant numbers that match Plaintiff's abilities. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity and the ALJ properly identified jobs that Plaintiff could perform despite his limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 29th day of October, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17